OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.


Office of Disciplinary Counsel v. Kearns.
[Cite as Disciplinary Counsel v. Kearns (1993),      Ohio St.3d     .]
Attorneys at law -- Misconduct -- Reciprocal discipline for
      violations of disciplinary rules in Colorado --
      Restitution required.
      (No. 92-2501 -- Submitted February 2, 1993 --  Decided April 21, 1993.)
      On Certified Order of the Supreme Court of Colorado, No. 92SA119.
      Respondent, Gregory Allen Kearns, Attorney Registration No. 0048706, last known address in Cleveland, Ohio, was admitted to the practice of law in Ohio on May 5, 1973 and to the practice of law in Colorado on June 4, 1976.  On October 13, 1992, the Supreme Court of Colorado found that he had committed violations of a disciplinary rule proscribing acts of dishonesty, fraud, deceit, or misrepresentation and that these violations caused Donald B. Wingerter, Sr., to lose $100,000 of the $136,000 in his retirement trust account.  The court also determined that respondent had failed to reply timely to a request for investigation of his misconduct.  Respondent was suspended from the practice of law in Colorado for a year and a day and, among other conditions, ordered to pay restitution to Wingerter before applying for reinstatement.
      Pursuant to the reciprocal discipline provisions of Gov.Bar R. V(11)(F) (former Gov.Bar R. V[44]), relator, Office of Disciplinary Counsel, filed a certified copy of the order of the Supreme Court of Colorado with the Clerk of this court. Conventional methods to serve respondent with our order to show cause why we should not impose identical or comparable discipline were unsuccessful, apparently because he no longer resides at his registered address.  Accordingly, respondent was served with the show cause order pursuant to Gov.Bar R. V(11)(B), which permits the Clerk of the Supreme Court to receive service of any notice provided by Gov.Bar R. V where an attorney admitted to the Ohio Bar becomes a nonresident or conceals his or her whereabouts.  Respondent has not responded to the show cause order.

J. Warren Bettis, Disciplinary Counsel, for relator.

Per Curiam.  Respondent has failed to show why he should not receive discipline comparable to that imposed by the Supreme Court of Colorado.  Accordingly, we hereby suspend respondent from the practice of law in Ohio for the duration of his Colorado suspension.  However, before respondent will be reinstated to the practice of law in Ohio, He must present evidence that he has made the restitution ordered by the Colorado Supreme Court, as required by Gov.Bar R. V(10)(E)(1).  Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.